IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Fred Martin, #242768, ) | C/A No. 4:23-cv-4990-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Lieutenant T. Lasley, Sergeant G. Rogers, ) | |
| Captain Roberson, Investigator David ) | |
| Hagan, Major Curtis Early, Lieutenant John ) | |
| Palmer, Associate Warden Susan Duffy, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 5.) On September 7, 2023, Plaintiff Andrew Fred Martin ("Plaintiff" or "Martin"), a *pro se* prisoner at Broad River Correctional Institution, sued Defendants Lieutenant T. Lasley, Sergeant G. Rogers, Captain Roberson, Investigator David Hagan, Major Curtis Early, Lieutenant John Palmer, and Associate Warden Susan Duffy (collectively "Defendants") under 42 U.S.C. § 1983. (DE 1.) Martin claims his Fifth, Fourteenth, and Eighth Amendment rights were violated when he was sexually assaulted during a pat down and that the events occurred on September 11, 2014. (DE 1, at 6, 11-14.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Martin moves for leave to proceed *in forma pauperis*. (DE 2.) Martin is a prisoner under the definition of 28 U.S.C. § 1915A(c), and he "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Consequently, even if Martin had prepaid the full filing fee, the Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. Accordingly, the Magistrate Judge conducted a pre-screening of this matter and, on September 14, 2023, issued the Report recommending denial of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (DE 5) because Plaintiff has received more than three strikes under 28 U.S.C. § 1915(g). The Report says that this Court has already found Plaintiff "struck" and required Plaintiff to pay the fee in two prior cases.[2] See Martin v. Duffy, No. 4:23-CV-1286-JD, 2023 WL 4945282 (D.S.C. Aug. 3, 2023); Martin v. Lassley, No. 4:23-CV-2857-JD, 2023 WL 4945342 (D.S.C. Aug. 3, 2023).

---

[2] See Martin v. Rae, No. 4:18-cv-1937-DCN (summarily dismissed with prejudice for failure to state a claim upon which relief could be granted under § 1915(e)(2)(B)(ii)); Martin v. Duffy, No. 4:18-cv-217-DCN (Fourth Circuit Court of Appeals affirmed the summary dismissal of Plaintiff's action that was a duplicate filing of No. 4:15-cv-4947-DCN and was also dismissed for failure to state a claim upon which relief could be granted as to Plaintiff's due process claim under § 1915(e)(2)(B)(ii); Martin v. Duffy, No. 4:15-cv-2104-DCN (Fourth Circuit of Appeals dismissed Plaintiff's appeal of the summary dismissal of his claims under § 1915(e)(2)(B); Martin v. Merchant, No. 4:15-cv-1569-DCN (summarily dismissed for failure to state a claim upon which relief can be granted); Martin v. Gossett, No. 4:13-cv-2187-DCN (summarily dismissed under § 1915(e)(2)(B) based on judicial immunity); Martin v. Byars, No. 4:13-cv-2067-DC (Fourth Circuit Court of Appeals affirmed the summary dismissal of Plaintiff's action for failure to state a claim upon which relief could be granted under § 1915(e)(2)(B); Martin v. Blinkley, No. 4:13-cv-1568-DCN (Fourth Circuit Court of Appeals affirmed the summary dismissal under § 1915(e)(2)(B) of Plaintiff's action for failure to state a claim upon which relief could be granted); Martin v. McCauley, No. 4:13-cv-1567-DCN (Fourth Circuit Court of Appeals affirmed the summary dismissal under § 1915(e)(2)(B) of Plaintiff's action for failure to state a claim upon which relief could be granted); Martin v. Byars, No. 4:13-cv-1016-DCN (summarily dismissed under § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted).

The Report also stated that Plaintiff's Complaint does not fit within this exception to enable Plaintiff to proceed *in forma pauperis* because Plaintiff cannot allege imminent danger of serious physical injury based on the alleged claims presented. Plaintiff alleges the date he claims the events occurred is September 11, 2014.

Martin objected to the Report on September 29, 2023. (DE 7.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Martin's objections are non-specific because they do not address the Report's recommendation about his *in forma pauperis* status or whether an exception applies. Although Martin mentions imminent danger, he offers no facts to support this claim. Instead, he claims that because the incident occurred before, there is a pattern of past misconduct. (DE 7.) Even if this statement is a specific objection, this assertion does not satisfy the imminent danger standard. As ably addressed in the Report, the "imminent danger" must "exist contemporaneously when the

action is filed," Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022), as "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. Appx. 90, 96 (4th Cir. 2020)(prisoner case).  Since Martin does not meet the exception, his objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report (DE 5) and incorporates it by reference.  To proceed with this Complaint, Plaintiff must pay the full filing fee (currently $350) plus the $52 administrative fee for a total fee due of $402.  Plaintiff is provided twenty-one (21) days to pay the filing fee, or the case will be dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 19, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.